```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

| | |
|---|---|
| SHARON YARBROUGH-CADE,  )  <br>      Plaintiff,        )  <br>                          )  <br> v.                       )  <br>                          )    No. 2:12-cv-02204-JPM-tmp  <br>                          )  <br> PATRICK R. DONAHOE, Postmaster )  <br> General of the United States, )  <br>                          )  <br>      Defendant.         )  | |

**ORDER GRANTING DEFENDANT'S MOTION FOR PERMISSION TO TAKE
DEPOSITION OUTSIDE OF THE DISCOVERY DEADLINE**

Before the Court is Defendant's Motion for Permission to Take Deposition Outside of the Discovery Deadline, which was filed on June 19, 2013.  (See ECF No. 16.)  In the Motion, Defendant seeks "permission to depose Plaintiff's treating physician, Dr. Paul Deaton, outside of the discovery deadline." (Id. at 1.)  The deadline to complete all discovery and depositions in the above-captioned case is July 1, 2013.  (ECF No. 14 at 2.)  Defendant, however, "has scheduled [Dr. Deaton's] deposition for July 2, 2013."  (ECF No. 16 at 1.)

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "A court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'"  Marcilis v. Twp. of Redford, 693 F.3d 589, 597 (6th Cir. 2012) (alteration in original)

(quoting Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003)). "An 'important consideration for a district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment.'" Id. (quoting Leary, 349 F.3d at 906).

Defendant has shown good cause. Defendant states that "Dr. Deaton was not available to give a deposition [before July 2, 2013]." (See ECF No. 16 at 1.) Accordingly, the Court finds that the deposition deadline could not reasonably be met despite the diligence of Defendant. See Marcilis, 693 F.3d at 597. Furthermore, Defendant's Motion is unopposed. (ECF No. 17). Accordingly, the Court finds that Plaintiff has indicated that she will not suffer prejudice by virtue of the requested limited modification of the schedule. See Marcilis, 693 F.3d at 597.

For good cause shown, Defendant's Motion for Permission to Take Deposition Outside of the Discovery Deadline (ECF No. 16) is GRANTED. Defendant may take the deposition of Dr. Paul Deaton on July 2, 2013.

**IT IS SO ORDERED,** this 20th day of June, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE

2